## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Nathan Washington,                                    Civ. No. 08-698 (JRT/JJK)

       Plaintiff,

v.

DaimlerChrysler Financial Services            **REPORT AND**
America LLC, and Shakopee Dodge,              **RECOMMENDATION**
Inc.,

       Defendants.

## I.    INTRODUCTION

On October 16, 2008, this Court ordered the parties to file memoranda showing cause why the Court should or should not exercise supplemental jurisdiction over the claims remaining in this case under 28 U.S.C. § 1367(c). (Doc. No. 35.)  Each party filed a memorandum setting forth its argument regarding whether supplemental jurisdiction remains appropriate and whether this action should remain in federal court.  (*See* Doc. Nos. 39, 40, and 42.)  This Court now recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss this action for lack of subject matter jurisdiction.[1]

_____

[1]    Because dismissal based on a lack of subject matter jurisdiction is a dispositive matter, this Court addresses the issue in a report and recommendation rather than by an order.  *See Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1179 (D. Minn. 1999) (adopting report and recommendation of magistrate recommending dismissal of remaining state law

## II.    BACKGROUND

Plaintiff filed a Complaint in United States District Court for the District of

Minnesota in March 2008.  (Doc. No. 1.)  In his Complaint, Plaintiff asserted a

single federal claim against Defendant Rausch, Sturm, Israel & Hornick, S.C.

("Rausch"), for violations of the Fair Debt Collection Practices Act ("FDCPA")

(*Id.* at 7-8), and several state law claims against the other Defendants (*Id.* at 8-

13).  The gravamen of Plaintiff's claim against Rausch was that Rausch

attempted to collect debt from Plaintiff in favor of Defendant Daimler Chrylser

Financial Services America LLC ("Daimler") in violation of the FDCPA.  (*Id.* at 6-

7.)  The state law claims asserted against the remaining Defendants all concern

disputes arising out of Plaintiff's trading-in of a vehicle with Defendant Shakopee

Dodge, Inc. ("Shakopee"), to receive a reduction in the cost of a lease of another

newer vehicle.  (*See id.* ¶¶ 7-28, 40-71.)

On July 22, 2008, Plaintiff stipulated to the dismissal of Plaintiff's claims

against Rausch with prejudice.  (Doc. No. 19.)  Six days later, by Order of

Dismissal with Prejudice based on the parties' stipulation, the Court dismissed

the Complaint on its merits with prejudice as to Rausch only.  (Doc. No. 20.)

On September 5, 2008, Planitiff filed a Motion to Compel Discovery from

Shakopee, seeking a copy of Shakopee's insurance policy, documents related to

the resale by Shakopee of a vehicle Plaintiff offered as a trade-in, and answers to

various discovery requests.  (Doc. No. 22.)  A hearing was held on Plaintiff's

claims after dismissal of sole federal claim).

motion on October 16, 2008, at which time this Court deferred ruling on Plaintiff's motion until resolution of the subject-matter-jurisdiction issue discussed above. (Doc. No. 35.)

## III.   DISCUSSION

This Court's original jurisdiction was based exclusively on the federal question presented by the FDCPA issue.  *See* 28 U.S.C. § 1331.  Title 28 U.S.C. § 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, where, as here, the district court has dismissed all claims over which it has original jurisdiction, district courts may decline to exercise supplemental jurisdiction over a remaining state law claim. 28 U.S.C. § 1367(c)(3).  To determine whether to exercise supplemental jurisdiction when the only claims providing original jurisdiction have been dismissed, courts consider, "the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum."  *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1051 (D. Minn. 2003) (quotations and citation omitted).  "Courts should exercise judicial restraint and avoid state law issues whenever possible." *Id.* (quotations and citation omitted).  "If the claim giving original jurisdiction is dismissed early in the action, before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declining

supplemental jurisdiction seems fair enough." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quotations and citations omitted) (alteration in original).

Here, none of the relevant factors persuade this Court that the District Court should retain jurisdiction over the remaining state law claims. As to the stage-of-the-litigation factor, this litigation is relatively undeveloped. There has been some initial discovery and Plaintiff has filed a non-dispositive motion, but this is not a situation where the court has "invested considerable resources into the matter." *See Goddard*, 291 F. Supp. 2d at 1051 (finding "competing factors at play" where the court had already addressed a preliminary injunction and decided motions to enforce settlement and for partial summary judgment five days before a trial-ready date). Further although the remaining claims concern neither difficult nor unsettled areas of state law, "judicial restraint counsels against resolving them where it appears that little of the parties', or the Court's resources have already been devoted to their merits." *Banovetz v. King*, 66 F. Supp. 2d 1076, 1088 (D. Minn. 1999).

This Court also notes that, although the remaining state claims arguably fall within the same-case-or-controversy requirement for supplemental jurisdiction under 28 U.S.C. § 1367(a), the state claims are only tangentially related to the now-dismissed federal claim relating to collection of the underlying debt. *See Rothmeier v. Inv. Advisers, Inc.*, 932 F. Supp. 1156, 1161-62 (D. Minn. 1996) (declining to exercise supplemental jurisdiction over remaining state law claims that were "not inextricably linked to the dismissed [federal] claims").

4

It is difficult to determine how much time and energy will need to be expended to resolve the remaining claims, but it does not appear that this factor weighs in favor of retaining jurisdiction, as the policy favoring conservation of judicial energy will not be undermined by dismissal at this early stage.  As Shakopee points out, should Plaintiff file an action in state court seeking resolution on the remaining state law claims, the discovery that has already been conducted in this litigation will not need to be repeated.

Finally, there is no dispute that there is an available state forum to resolve the remaining state claims.  Because none of the relevant factors under 28 U.S.C. § 1367(c) weigh in favor of retaining jurisdiction, this Court recommends that the case be dismissed without prejudice.  Should the District Court agree with this recommendation, this Court also recommends that Plaintiff's Motion to Compel Discovery Responses from Defendant Shakopee Dodge, Inc. (Doc. No. 22), be denied as moot.

## IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff's Complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2.    Plaintiff's Motion to Compel Discovery Responses from Defendant

Shakopee Dodge, Inc. (Doc. No. 22) be **DENIED AS MOOT**.

Date: December 2, 2008

s/Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 16, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.